UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    RICHARD E. BONNER                              07-02189CLB
    ANN M. BONNER,

                Debtors                              <u>DECISION & ORDER</u>
------------------------------------------------------

                    Thomas J. Gaffney, Esq.
                    80 West Huron Street
                    Buffalo, New York 14202
                    Chapter 7 Trustee

                    Diane M. Ciurczak, Esq.
                    295 Main Street, Suite 1088
                    Buffalo, New York 14203
                    Attorney for the Debtors

Bucki, U.S.B.J.

    The present motion presents the interesting issue of whether this court may reinstate a case that has been automatically dismissed by reason of section 521(i) of the Bankruptcy Code.

    Richard and Ann Bonner filed a petition for relief under chapter 7 of the Bankruptcy Code on May 31, 2007. Pursuant to 11 U.S.C. § 521(a)(1)(B)(iv), the debtors were obliged to file copies of all payment advices or other evidence of payment received from an employer during the sixty days prior to the filing of their bankruptcy petition. When the debtors failed to file all of this information within 45 days from the commencement of their bankruptcy, the trustee moved for entry of an order dismissing this case. In her oral opposition to this motion, the debtors' counsel made three principle arguments: first, that Mrs. Bonner was not employed during the applicable period, and is therefore not obliged to file evidence of payment; second, that the court should exercise authority to excuse the late filing

of a payment advice for Mr. Bonner; and third, that even if this case has been automatically dismissed, the court should reinstate the proceeding.

At the hearing on the motion, both the trustee and debtors' counsel stipulated that Ann Bonner suffered a disability throughout the sixty day period prior to the bankruptcy filing, and that her only income derived from Workers' Compensation and governmental assistance.  Section 521(a)(1)(B)(iv) of the Bankruptcy Code imposes an obligation only to provide evidence of payment received "from any employer of the debtor."  Because Mrs. Bonner received all of her income from sources other than an employer, section 521(a)(1)(B)(iv) has no application to her situation.  *In re LaPlante*, 354 B.R. 648 (Bankr. W.D.N.Y. 2006).  With respect to Ann Bonner, therefore, this court must deny the motion to dismiss.

Richard Bonner was employed throughout the sixty days prior to his bankruptcy filing and was paid on every other Friday.  Having filed his petition for relief on Thursday, May 31, he was obliged to submit payment advices or other evidence of payment from his employer during the pre-petition period that began on April 2.  Contemporaneously with his bankruptcy petition, Mr. Bonner filed pay stubs for wages that he received on March 9, March 23, April 6, April 20, and May 4.  He neglected, however, to file the pay stub for May 18, which was his last payday prior to the commencement of bankruptcy.  Bonner eventually did file the payment advice for May 18, but on August 1, a date subsequent to the 45th day after bankruptcy filing.

By every indication, the debtors have worked in good faith to satisfy the demanding obligations of 11 U.S.C. § 521(a).  Nonetheless, the command of 11 U.S.C. § 521(i) is clear and unmistakable.  When an individual debtor in a voluntary case fails to file "all of the information" required under section 521(a)(1), "the case shall be automatically dismissed effective on the 46th day after the date of the filing

of the petition." 11 U.S.C. § 521(i)(1). Further, when a party in interest like the trustee requests dismissal of a case for which the debtor fails to complete the timely filing of complete information, "the court shall enter an order of dismissal not later than 5 days after such request." 11 U.S.C. § 521(i)(2).

The debtors' counsel notes that pursuant to 11 U.S.C. § 521(a)(1)(B), Richard Bonner must file evidence of payment from his employer, "unless the court orders otherwise." In the present instance, however, the debtors have presented no persuasive reasons to support a waiver, such as might occur if a third party were to be unduly prejudiced by dismissal. Rather, Richard Bonner essentially seeks to be excused from an obligation which he himself had power to fulfill. His unfortunate mistake does not by itself provide sufficient justification to waive the clear Congressional mandate in section 521(i)(1). Moreover, counsel made her oral request for a waiver after the case had already been automatically dismissed on the 46th day after bankruptcy filing. Only special circumstances can justify *nunc pro tunc* relief. This standard is particularly applicable here, where 11 U.S.C. § 521(i)(3) establishes a carefully delineated procedure for a request to extend the time for filing evidence of payment from an employer. Specifically, this section directs that the debtors shall make the extension request "within 45 days after the date of the filing of the [bankruptcy] petition." Again, the debtors have demonstrated no extraordinary justification to disregard such a manifest statutory direction.

To the extent that his case has been automatically dismissed, Mr. Bonner would seek its reinstatement. In light of the clear mandate of the statute, however, such reinstatement would be inappropriate in the present instance.

In addition to the dismissal language of section 521(i), the Bankruptcy Code contains at least six other provisions authorizing the dismissal of a case. *See* 11

U.S.C. §§ 305, 707, 930, 1112, 1208 and 1307.  In circumstances where a matter has been dismissed pursuant to these sections, courts have reinstated a case where the debtor presents a timely demonstration of good cause.  *See, e.g., In re Sewell*, 345 B.R. 174 (B.A.P. 9th Cir. 2006); *In re Singleton*, 358 B.R. 254 (D.S.C. 2006); *In re Bradberry*, 218 B.R. 460 (Bankr. E.D. Ark. 1998); *In re Diviney*, 211 B.R. 951 (Bankr. N.D. Okla. 1997).  In such instances, however, the underlying dismissal was based upon statutory authority that is either permissive, or predicated upon findings of fact.  Thus, upon reconsidering the grounds for dismissal, the court may properly reinstate the case.  Such reconsideration and reinstatement would be unavailable, however, if that outcome would contravene any statutory mandate for dismissal.

By reason of its compulsory character, section 521(i) differs from other dismissal provisions of the Bankruptcy Code.  Because the statute allows no discretion in granting dismissal, it similarly allows no opportunity to reinstate a case after it has been dismissed for failure to file the requisite evidence of payment from an employer.  *In re Connor*, 2006 WL 1548620.

For the reasons stated herein, the court will grant the trustee's motion to dismiss the bankruptcy case of Richard Bonner.  The co-debtor, however, had no earned income and was therefore not obliged to file additional evidence pursuant to 11 U.S.C. § 521(a)(1)(B)(iv).  Accordingly, with respect to Ann Bonner, the trustee's motion to dismiss is denied.

So ordered.

Dated:   Buffalo, New York                                                /s/     CARL L. BUCKI
         August 17, 2007                                                              U.S.B.J.